# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2736 | **DATE** | 8/5/2002 |
| **CASE TITLE** | 02C1649 | Tracy vs. Jewel Food Stores, Inc. (99 C 2736)<br>Arquest, Inc. vs. Tracy (02 C 1649) | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/4/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Wal-Mart's motion (Doc 135-1 in 99 C 2736) to preclude is granted, and Arquest's motion (Doc 122-1 in 99 C 2736) to intervene and corresponding motion (Doc 123-1 in 99 C 2736) to sever are denied as moot. Tracy's motions (Docs 9-1 & 9-2 in 02 C 1649) to dismiss or to stay Arquest's declaratory judgment action is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| ☐ | No notices required, advised in open court. | | | Document Number |
| ☐ | No notices required. | | number of notices | |
| ☐ | Notices mailed by judge's staff. | | AUG - 6 2002 | |
| ☐ | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | |
| ☐ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ☐ | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice<br>mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 6 2002

| ARQUEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 02 C 1649 |
| | ) |
| RHONDA TRACY, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| RHONDA TRACY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 99 C 2736 |
| | ) |
| JEWEL FOOD STORES, INC., | ) |
| AMERICAN STORES COMPANY, | ) |
| WAL-MART STORES, INC., | ) |
| DOMINICK'S FINER FOODS, INC., | ) |
| DRYPERS CORPORATION, | ) |
| KIMBERLY-CLARK CORP. and | ) |
| CONFAB HOLDING CORP., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

Before the court are numerous motions brought by various parties in two different cases. The relevant procedural and background facts are known to the parties and the

court does not set them forth in detail here. Instead, we briefly set forth the types of motions and their context. The majority of the motions are brought in Case Number 99 C 2736, initiated by Plaintiff Rhonda Tracy ("Tracy") in May 1999. In the context of that case, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") brings a motion to preclude Tracy from asserting infringement against certain diapers manufactured by Arquest, Inc. ("Arquest") and sold by Wal-Mart. Arquest, who is not a party to Case No. 99 C 2736, brings a motion to intervene for the limited purpose of moving this court to sever Arquest's products from Case No. 99 C 2736 and an accompanying motion to sever. Case Number 02 C 1649 is an action for declaratory judgment filed by Arquest against Tracy. Arquest filed Case No. 02 C 1649 in response to Tracy's accusations that its diapers are infringing. Tracy has filed a motion to dismiss Arquest's declaratory judgment action. Having set forth the motions before the court, we now address each in turn.

We first address Wal-Mart's motion to preclude Tracy from asserting infringement against certain diapers manufactured by Arquest and sold by Wal-Mart. Wal-Mart argues that Tracy should be barred from adding the Arquest diapers to this litigation because she has inexcusably delayed in identifying them as an accused product. Tracy did not accuse the Arquest diapers sold by Wal-Mart prior to the settlement in this case. Indeed, Tracy did not implicate the diapers manufactured by Arquest and sold by Wal-Mart until January 28, 2002, despite Wal-Mart's formal and informal attempts since the lift of the stay in this case to determine what diapers (other

than the ones covered by the settlement agreement or made by Drypers or AHP) were at issue in this case. Additionally, Wal-Mart had made available to Tracy the Arquest diapers on August 14, 2001, more than five months before the initially scheduled close of discovery of January 28, 2002. Furthermore, Wal-Mart had mailed specimens of the Arquest diapers to Tracy in October 2001. Moreover, since August 2001, Wal-Mart has served discovery requests of its own seeking to define the scope of this litigation. Yet Tracy did not identify the Arquest diapers sold by Wal-Mart as being at issue in this case until the "eleventh hour" -- at the initial close of discovery. The Arquest diapers sold by Wal-Mart are, currently, the only remaining aspect of this entire litigation.

Tracy attempts to justify her delay by blaming it on "miscommunication" between counsel and a typographical error on her part in her answers to Wal-Mart's interrogatories asking her to identify the diapers at issue. Tracy's explanation does not justify her long delay in accusing the Arquest diapers sold by Wal-Mart. Tracy had many opportunities to identify the diapers. Additionally, although Tracy argues Wal-Mart should have figured out that Tracy had made a typographical error and that Tracy was identifying Arquest diapers in her answer to the interrogatories, we disagree. We will not hold Wal-Mart accountable for Tracy's mistake. Because we find Tracy's delay in identifying Arquest diapers sold by Wal-Mart inexusable, we grant Wal-Mart's motion to preclude Tracy's claims based on Wal-Mart's alleged sale of Arquest diapers.

We now turn to Arquest's motions. Arquest's motion to intervene assumes that Tracy can proceed with her case insofar as it is based on Wal-Mart's sale of Arquest

diapers. Because we have granted Wal-Mart's motion to preclude Tracy from doing so, there is no reason for Arquest to intervene and we therefore deny Arquest's motion to intervene as moot. Arquest's corresponding motion to sever is similarly denied as moot.

Finally, we address Tracy's motion to dismiss Arquest's declaratory judgment action, Case No. 02 C 1649. Tracy advances two main arguments in support of her motion, and we consider each in turn.

First, Tracy asserts that there is no subject matter jurisdiction to hear Arquest's declaratory judgment action. Tracy bases this argument on her contention that Arquest never had a reasonable apprehension of imminent litigation sufficient to create a case or controversy for the purposes of a declaratory judgment.[1] Tracy claims that Arquest could not have reasonably apprehended imminent litigation because Tracy never contacted Arquest and therefore, Arquest could never have reasonably believed that Tracy would have instituted legal action against Arguest.

We note Tracy's argument should fail at the outset for she cites no case law in support. Even putting that fatal flaw aside, however, Tracy's argument still fails. "When the patentee has explicitly charged that a current activity of the declaratory

---

[1] This is one prong of a two-part analysis that applies when determining whether there is an actual controversy under the Declaratory Judgment Act in the patent-infringement context. See Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 936 (Fed. Cir. 1993). This analysis requires determining whether: (1) the declaratory plaintiff has acted in a way that the patentee asserts infinges the patent...; and whether (2) the patentee has created, in the declaratory plaintiff, a reasonable apprehension of suit for infringement. Genentech, 998 F.2d at 936. Tracy only argues that the second requirement is lacking in this case.

palintiff is an infringement, 'certainty has rendered apprehension irrelevant, and one need say no more.'" Genentech, Inc. 998 F.2d at 936-37 (quoting Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988)). However, an actual controversy may also arise from the parties' conduct alone; "an express charge of infringement if not required." Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 888 (Fed. Cir. 1992).

Here, Tracy has expressly asserted that Arquest's diapers are infringing her patent in her effort to add those diapers to her lawsuit. Tracy has not persuaded us that a different result is dictated by the fact that Wal-Mart, and not Arquest, is a defendant in her case. Tracy could have joined Arquest in her case and, even if she did not, Arquest would have been compelled to defend itself and thus either intervene or defend Wal-Mart, as is its duty for it is the manufacturer and Wal-Mart is merely its customer. See A.P.T., Inc. v. Quad Envtl. Techs. Corp., 698 F. Supp. 718, 721 (N.D. Ill. 1988) (stating "the manufacturer of an allegedly infringing device is the real party in interest in a lawsuit against a mere customer."). For all practical purposes, Tracy would be suing Arquest. Additionally, while a patentee's mere invitation to negotiate a license may not create a reasonable apprehension of litigation, see, e.g., EMC Corp. v. Norand Corp., 89 F.3d 807, 811 (Fed. Cir. 1996), given the history of this case, the court cannot ignore the fact that Tracy's counsel has, since Arquest filed suit, sent a letter to Procter & Gamble claiming that certain diapers it sells under its own brand names and manufactured by Arquest infringe her United States Patent No. 5,797,824 and referring

to her legal case before this court. Procter & Gamble has already requested that Arquest defend it and, in case of liability, indemnify it for any damages.

The core purpose of the "Declaratory Judgment Act is 'to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side.'" See Taylor Corp. v. Microthin.com, Inc., 2001 WL 1640063, at *2 (D. Minn. Sept. 11, 2001) (quoting BP Chem. Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir. 1993). Tracy's claims that Arquest's customers were infringing her patent sufficiently created in Arquest at the time it filed its lawsuit a reasonable apprehension of litigation triggering standing under the Declaratory Judgment Act. Sticker Indus. Supply Corp. v. Blaw-Knox Co., 367 F.2d 744, 747 (7th Cir. 1966); Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., 2000 U.S. Dist. LEXIS 17930, at *9-10 (N.D. Ill. Dec. 6, 2000). Therefore, we are not persuaded by Tracy's argument that Arquest could not have any reasonable apprehension of imminent litigation because Tracy did not directly contact Arquest. Thus, this court does not dismiss Arquest's claim for lack of subject matter jurisdiction.

Second, Tracy argues that this court should exercise its discretion to decline to exercise jurisdiction over this action. Tracy is correct that a court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary. See e.g., Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995); EMC Corp., 89 F.3d at 810. That we *may*

decline to hear Arquest's declaratory judgment action does not, of course, mean that we *must*, and we do not do so here.

Tracy has claimed that Arquest's diapers infringe her patent. Additionally, Tracy has not limited her counterclaim in this case to the Arquest diapers sold by Wal-Mart. Rather, her counterclaims make clear that other Arquest diapers may also be implicated. So too does her letter to Proctor & Gamble. Tracy herself admits that such diapers are put into case or controversy once they are included by her in her counterclaim. Furthermore, although we have decided that Tracy may not base her case on Arquest's diapers sold by Wal-Mart, this is no guarantee that she will not sue Arquest in a different case. Arquest's declaratory judgment action will allow Arquest to, all at once, resolve the issue of whether its diapers infringe Tracy's patent regardless of who is selling those diapers. There is significant judicial and litigant economy in permitting Arquest to resolve any claims Tracy may have against it all in one case rather than in a piecemeal fashion. Allowing Arquest to proceed in this way furthers the purpose of the Declaratory Judgment Act, which is to "clarify and settle the legal relations at issue and to terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding." Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 746 (7th Cir. 1987).

Finally, we are unpersuaded that, as Tracy argues, the fact that more discovery will be taken militates against permitting the declaratory judgment action to proceed. If we had permitted Tracy to bring her claim as against Wal-Mart for the Arquest

diapers, there would be more discovery between these two parties in any event. Therefore, this argument does not mandate dismissal.

For the foregoing reasons, Wal-Mart's motion to preclude is granted, and Arquest's motion to intervene and corresponding motion to sever are denied as moot. Tracy's motion to dismiss Arquest's declaratory judgment action is denied.

*Charles P. Kocoras*
Charles P. Kocoras, Chief Judge
United States District Court

Dated: August 5, 2002