Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1649 | DATE | 3/12/2003 |
| CASE TITLE | Arquest, Inc. vs. Rhonda Tracy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion (Doc 39-1) for sanctions and grant the motion (Doc 40-1) for attorney's fees.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 1 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARQUEST, INC.,

        Plaintiff,

vs.

RHONDA TRACY,

        Defendant.

02 C 1649

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Arquest, Inc.'s ("Arquest") motion for attorney's fees pursuant to 35 U.S.C. § 285 and motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons set forth below, we deny the motion for sanctions and grant the motion for attorney's fees.

## BACKGROUND

This lawsuit arises from a patent, U.S. Pat. No. 5,797,824 (the "'824 patent"), held by Rhonda Tracy. The '824 patent covers an improvement for disposable diapers. Arquest sued Tracy for declaratory judgment that its diapers (the "Arquest Diapers") and training pants (the "Arquest Pants") do not infringe the '824 patent and that the '824 patent is invalid. Tracy filed a counterclaim in the action alleging infringement.

Previously, we granted summary judgment that the Arquest Diapers and the Arquest Pants do not infringe the '824 patent. *Arquest, Inc. v. Tracy*, 2002 WL 31744658 (N.D. Ill. Dec. 5, 2002). Subsequent to the summary judgment, Arquest filed the present motions, which are based on Tracy's filing and maintenance of her counterclaim as well as certain arguments made in support of the counterclaim and against summary judgment of non-infringement.

## RULE 11 SANCTIONS

Arquest moves to sanction counsel for Tracy for violating Rule 11(b)(3) of the Federal Rules of Civil Procedure by making allegations and other factual contentions without evidentiary support. Rule 11(b)(3) states:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . .
>
> . . .
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

FED. R. CIV. P. 11(b)(3). The decision whether to grant or deny a motion for sanctions is left to the discretion of this court. *Brunt v. Service Employees Int'l Union*, 284 F.3d 715, 721 (7th Cir. 2002) ("We review the district court's decision to impose Rule 11

sanctions for an abuse of discretion."). Arquest's basis for this motion is its claim that counsel for Tracy failed to perform an adequate inquiry as to whether Arquest's products infringe prior to filing the counterclaim for infringement. After reviewing the briefs and evidentiary support, we are unconvinced that sanctions are warranted.

## 35 U.S.C. § 285 ATTORNEY'S FEES

Arquest moves for attorney's fees pursuant to 35 U.S.C. § 285, which states that, with respect to patent cases, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case may be established by showing, for example: "inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; [or] a frivolous suit or willful infringement." *Epcon Gas Sys. v. Bauer Compressors*, 279 F.3d 1022, 1034 (Fed. Cir. 2002). A finding that a case is exceptional is a factual finding for the court and must be supported by clear and convincing evidence. *Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1365 (Fed. Cir. 2000). Arquest contends that this case is exceptional because counsel for Tracy failed to perform an adequate infringement investigation before filing Tracy's counterclaim and because Tracy maintained frivolous infringement arguments. As we stated above with respect to the Rule 11 motion, we are unconvinced that counsel for Tracy did not perform an

adequate pre-filing investigation. Thus, we immediately turn to the issue of maintaining frivolous infringement arguments.

In our summary judgment ruling, we held that the Arquest Diapers did not infringe claim 2 of the '824 patent because they lacked two elements of the claim: "the first strip providing an additional absorbent barrier against leakage" and a "soft substance presenting a soft surface along at least a portion of said inside of the diaper waistband portion despite said plastic layer edge." Tracy argued that the elastic member of the Arquest Diapers satisfied both of these elements. Both arguments were unjustified.

The elastic member is utterly nonabsorbent. Tracy's insistence that it is capable of providing an additional absorbent barrier against leakage was unjustified.

The elastic member does not present a soft surface for a baby's skin or protect a baby's skin against a plastic layer edge in any manner because the elastic member material is sandwiched between two other layers. Because it is sandwiched, it cannot and does not contact the baby's skin or cover any portion of a plastic layer edge that would otherwise be exposed to the baby's skin. Tracy's argument as to this element was unjustified.

In our summary judgment ruling, we held that the Arquest Pants did not infringe claim 2 of the '824 patent because they lacked two elements of the claim: "a plastic

layer having an edge at the edge of the diaper" and a "soft padding member being distinct from all of said body-portion layer." Tracy unjustifiedly argued that both elements were present in the Arquest Pants.

The edge of the plastic layer in the Arquest Pants is clearly not at the edge of the diaper–indeed it is approximately three-quarters of an inch from the edge of the diaper. Tracy even acknowledged that the edge of the plastic layer in the Arquest Pants was "not 'at' the edge of the diaper but near the edge." (Tracy's SJ Opp. at 17.) Nevertheless, she maintained her suit against Arquest under the doctrine of equivalents. Tracy argued that the claim term "at" could be expanded to mean "near" under the doctrine of equivalents. As explained in our previous holding, however, Tracy clearly and unequivocally relinquished any coverage for an edge of the plastic layer not "at" the edge of the diaper when she amended her claims and stated her reason for so doing. *Arquest*, 2002 WL 31744658, *7. Tracy's attempt to recapture patent protection which she clearly yielded during prosecution was unjustified.

Tracy accused the outer body portion (or backsheet) layer of the Arquest Pants of being the soft padding member. Claim 2 requires a "soft padding member being distinct from all of said body-portion layer." This clearly means that the soft-padding member *cannot* be one of the body portion layers. Despite this straightforward claim language, Tracy maintained that the outer body portion layer of the Arquest Pants

-5-

provided the soft padding member. Even under the doctrine of equivalents, Tracy's argument was unjustified. *See Warner Jenkinson Co. v. Hilton Davis Chem.*, 520 U.S. 17, 39 n.8 (1997) ("if a theory of equivalence would entirely vitiate a particular claim element," the theory is in applicable).

## CONCLUSION

Based on the foregoing analysis, we deny the motion for sanctions and grant the motion for attorney's fees.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 1 2 2003