Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1649 | **DATE** | 8/25/2003 |
| **CASE TITLE** | Arquest, Inc. vs. Rhonda Tracy | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grand Arquest, Inc.'s motion for disputed attorney's fees as modified. Tracy is ordered to pay Arquest $240,793.38 in attorney's fees. Edward D. Manzo's motion (Doc 62-1) for leave to withdraw as counsel for plaintiff is granted. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 2 6 2003 | |
| | Notified counsel by telephone. | date docketed | 73 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

ARQUEST, INC., )
 )
        Plaintiff, )
 )
vs. ) 02 C 1649
 )
RHONDA TRACY, )
 )
        Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiff Arquest, Inc.'s ("Arquest") motion for disputed attorney's fees pursuant to 35 U.S.C. § 285. We have already granted Arquest its attorney's fees in principle. (Dkt. No. 55.) The present motion only pertains to the amount of fees. For the reasons set forth below, we grant the motion as modified below.

### BACKGROUND

This lawsuit arises from a patent, U.S. Pat. No. 5,797,824 (the "'824 patent"), held by Defendant/Counter-Claimant Rhonda Tracy. The '824 patent covers an improvement for disposable diapers. Arquest sued Tracy for declaratory judgment that its diapers (the "Arquest Diapers") and training pants (the "Arquest Pants") do not

infringe the '824 patent and that the '824 patent is invalid. Tracy filed a counterclaim in the action alleging infringement. Previously, we granted summary judgment that the Arquest Diapers and the Arquest Pants do not infringe the '824 patent. *Arquest, Inc. v. Tracy*, 2002 WL 31744658 (N.D. Ill. Dec. 5, 2002); (Dkt. No. 38.) Subsequent to the summary judgment, Arquest moved for attorney's fees under the patent statute, 35 U.S.C. § 285, based on Tracy's filing and maintenance of her counterclaim as well as certain arguments made in support of the counterclaim and against summary judgment of non-infringement. We granted the motion and now adjudicate the amount of attorney's fees.

## LEGAL STANDARD

The requirements for awarding attorney's fees under 35 U.S.C. § 285 are: "(1) the case must be exceptional; (2) the district court may exercise its discretion; (3) the fees must be reasonable; and (4) the fees may be awarded only to the prevailing party." *Machinery Corp. of America v. Gullfiber AB*, 774 F.2d 467, 470 (Fed. Cir. 1985). We have already found this case to be exceptional under section 285 due to Tracy's unjustified claims and arguments. (Dkt. No. 55.) Arquest is clearly the prevailing party. Thus, we now exercise our discretion to award a reasonable amount of fees.

## DISCUSSION

Arquest moves for an award of $245,823.38 in attorney's fees. Tracy objects to the entire amount, stating that "it should be no more than $43,466, or lower, or zero". (Tracy Opp. at 6.)

The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). After this initial calculation, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward." *Id* at 434. Such other considerations may include proper documentation of hours worked, overstaffing, redundant work, excessive hours, and the ultimate result of the litigation. *Id* at 433-34. Additionally, the Court of Appeals for the Federal Circuit has held that attorney's fees under 35 U.S.C. § 285 "include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (affirming district court's award of $100,000 in attorney's fees and $29,000 in related expenses under 35 U.S.C. § 285). Thus, section 285 is not limited to attorney's fees in the strictest sense of the term, but also includes related expenses or costs not taxable under 28 U.S.C. § 1920.

Initially, Tracy reargues the merits of the summary judgment and attorney's fees motions granted against her. Such arguments are improper and are not reconsidered with respect to the current motion before us.

As to the current disputed fee motion, Tracy objects on several grounds, each of which were considered and rejected with one exception as set forth below:

1. **"Arquest's Counsel Created Few Documents"**

Tracy argues that Arquest's counsel only created 70 pages of work product in this litigation, and should only receive $100 per page for a total reasonable fee award of $7000. Irrespective of the fact that Arquest surely generated more than 70 pages of work product in this litigation, we reject Tracy's novel fee calculation as contrary to the method stated in *Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

2. **"The Court Rejected Several of Arquest's Contentions"**

While apportionment of fees between winning and losing claims may be appropriate, apportionment is not appropriate between winning and losing arguments as to the same claim. Hensley, 461 U.S. at 435. Under Hensley, Arquest is entitled to fees pertaining even to its losing arguments:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. ... In these circumstances the fee award should not be reduced

simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

461 U.S. at 435 (citation omitted).

### 3. "The Work Was Neither Complex Nor Extensive"

We reject this argument as too vague and generalized. Additionally, Tracy cites no case law for its position, and we find the amount of work spent on this patent litigation to be reasonable.

### 4. "The Billing Rates Used by Arquest Are Excessive"

Tracy objects to the rates charged by Arquest's counsel, Pennie & Edmonds, a patent law firm based in New York City. Tracy argues that Arquest should only be able to recover fees at hourly rates equal to or less than those charged by Tracy's counsel[1], which is based in Illinois. Tracy cites no authority for the proposition that a party's recovery of attorney's fees is limited by its adversary's counsel's billable rate.

Pennie & Edmonds has been Arquest's patent counsel for several years. Thus, it was entirely reasonable for Arquest to continue its retention of Pennie & Edmonds for purposes of the present case filed here in Chicago. Furthermore, Tracy cites no authority holding that more expensive out-of-town billable rates are not recoverable in full. While

---

[1] In the present litigation, counsel for Tracy did not actually charge Tracy by the hour but rather through a contingency fee arrangement.

we have discretion to limit billable rates to those prevailing in the local market, *see Mathur v. Board of Trustees of Southern Illinois University*, 317 F.3d 738, 744 (7th Cir. 2003), we decline to do so here. Arquest's retention of Pennie & Edmonds, its long time patent counsel, was logical and reasonable.

### 5. "The Case Was Overstaffed and Unreasonable Hours Were Spent"

Tracy asserts that Pennie & Edmonds overstaffed the case and billed hours that were used to educate young associates. We do not agree. Pennie & Edmonds usually had only three attorneys (for which Arquest seeks recovery) working on the case at any given time. To the extent that Tracy objects to two attorneys' involvement in the case (attorneys Sharlacken and Jain), the objection is unjustified as Arquest's motion does not seek reimbursement for fees associated with their work. While we agree that Tracy should not have to pay for young Pennie & Edmonds associates to educate themselves on general aspects of patent law, her objection lacks any detail whatsoever as to the identification of these alleged educating hours.

### 6. "There Was Excessive Turnover at the Pennie Firm"

Tracy generally states that excessive turnover at Pennie & Edmonds created inefficiencies resulting in more hours being billed than are reasonable. The only changes to the attorney staffing of the case by Pennie & Edmonds was the replacement of one junior associate with another and the removal of one partner whose duties were

absorbed by another partner already on the case who actually had a lower billing rate anyway. These staffing changes are entirely reasonable.

7. **"Arquest is Not Entitled to Time Spent on Clerical Tasks"**

As to clerical tasks Tracy states only the following:

> "Clerical tasks performed by lawyers are not properly included in an attorney fee award. *See Kelley v. City of Chicago*, 205 F. Supp. 930, 934 (N.D. Ill. 2002). Arquest has included time of attorneys spent on clerical tasks, and Tracy objects to them."

(Tracy Opp. at 12.) We will not scour Pennie & Edmonds's invoices for evidence of clerical tasks because Tracy has lodged a general objection to paying such costs.

8. **"Local Counsel Charges Were Astronomical"**

Tracy objects to paying $32,060 in fees for local counsel because the number of hours and the billing rate were unreasonably high. We disagree as to the number of hours spent by local counsel. Total attorney time spent by local counsel since the complaint was filed over a year ago was 84.25 hours. Local counsel paralegal time was just 4.5 hours during the same period. This is a reasonable amount of time. We do, however, question the reasonableness of having a high billing rate partner so involved as local counsel. Accordingly, we will reduce attorney fees for that partner's time to reflect the same billing rate as the associate who also worked on the case as local counsel. Local counsel's attorney's fees are reduced by $5,030.

9. **"Arquest's Additional Arquest Lawyer (Ryan) Was Unnecessary"**

Tracy objects to Arquest's retention of attorney William Ryan. William Ryan is a former employee of Arquest now practicing law as a solo practitioner. Arquest states that he was retained because of his prior experience in the diaper industry, which allowed him to provide useful insight to Arquest's litigation strategy. We find Arquest's stated reasons reasonable and will allow Arquest to recover his fees.

10. **"The Requested 'Costs' Are Excessive, Undocumented, and Were Not Awarded"**

First, Tracy states that related non-taxable costs are not encompassed by an award of attorney's fees. She is mistaken. *See Central Soya Co.*, 723 F.2d at 1578.

Second, Tracy states that such expenditures as transportation, lodging, and meals are not recoverable because the invoices do not include the actual bills for them. She does not cite any supporting authority for this proposition. We have reviewed Pennie & Edmonds's monthly invoices and find them to be adequate documentation of the expenses they incurred. Additionally, we only find charges for transportation. We do not even find charges for meals or travel. In any event, Tracy has failed to direct us to specific charges she objects to paying.

Third, Tracy states that fees and expenses must be apportioned to cover the specific activity being sanctioned. Nothing and no one have been sanctioned. Accordingly, this objection is irrelevant.

Lastly, Tracy objects to paying photocopying charges because they are not itemized. Arquest has supplied monthly invoices from Pennie & Edmonds that each include a single entry for photocopying. (*See, e.g.*, FEE 00108A.) Thus, photocopying charges are only itemized by month and not by job. This is entirely reasonable. Keeping track of what document has been copied rather than just recording what client and matter the photocopying involved would demand more time than its worth. Tracy's reliance on *Staszak v. Kimberly-Clark Corp.*, 2002 WL 31557610, *1 (N.D. Ill. Nov. 18, 2002) is misplaced. That case involves photocopying charges for "copies of papers necessarily obtained for use in the case" under 28 U.S.C. § 1920.

## CONCLUSION

Based on the foregoing analysis, we grant the motion for disputed attorney's fees as modified above. Tracy is ordered to pay Arquest $240,793.38 in attorney's fees.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG 2 5 2003

# United States District Court
## Northern District of Illinois
Eastern Division

Arquest, Inc.

v.

Rhonda Tracy

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 1649

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that attorney's fees are awarded in favor of plaintiff Arquest, Inc. and against Rhonda Tracy. Tracy is ordered to pay Arquest, Inc. $240,793.38 in attorney's fees. All matters in controversy having been resolved, final judgment is hereby entered.

Michael W. Dobbins, Clerk of Court

Date: 8/25/2003

Stephen C. Tokoph, Deputy Clerk